David E. TAYLOR, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 20A03–0212–CR–412.

Court of Appeals of Indiana.

April 8, 2003.

Eric E. Kinsman, Elkhart, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RATLIFF, Senior Judge.

### *STATEMENT OF THE CASE*

David Taylor appeals his sentence and the fee imposed following his conviction by jury of possession of methamphetamine as a Class D felony.[1]

We affirm.

### *ISSUES*

1. Whether the trial court erred in imposing an enhanced three-year sentence.

2. Whether the trial court improperly ordered Taylor to pay a $200 Drug Abuse, Prosecution, Interdiction and Correction Fee without considering Taylor's ability to pay the fee.

### *FACTS*

A jury convicted Taylor of possession of methamphetamine as a Class D felony. The trial court sentenced him to an enhanced three-year sentence and ordered him to pay a $200 Drug Abuse, Prosecution, Interdiction and Correction Fee. Taylor appeals the enhanced sentence and the imposition of the fee.

### *DISCUSSION*

#### I.   Enhanced Sentence

Taylor first argues that the trial court erred in imposing an enhanced three-year sentence. Specifically, Taylor's sole contention is that although the court used his criminal history as an aggravating factor, the court erroneously failed to articulate the specific nature of the history.

When a defendant's criminal history is used as an aggravating factor to support an enhanced sentence, the court must recite the incidents comprising the criminal history. *Battles v. State,* 688 N.E.2d 1230, 1235 (Ind.1997). In *Battles,*

---

1.   Ind.Code § 35–48–4–6.

the trial court stated that the defendant's lengthy criminal history began with "a true finding when [he was] seventeen" of the juvenile equivalent of armed robbery, and that "[his subsequent] criminal activity [had been] considerable and consistent." *Id.* Our supreme court concluded that this statement demonstrated the trial court's awareness of the individual incidents that comprised Battles' criminal history and found no error in Battles' enhanced sentence.

■ In this case, the trial court stated as follows in sentencing Taylor:

The thing that strikes me most about this [pre-sentence investigation] report is that you had so little time in your life that you haven't been in trouble. Your original felony conviction goes back to '94. You were released from the Department of Corrections, according to the pre-sentence investigation, October 22, '96 and it was about four and one half months later you committed your next crime. And you've never had a significant period of time since then that you haven't committed a crime. You have misdemeanor convictions in '94, '95, two in '96, two in 2000, [and] two in 2001. You've got multiple failures to appear, where you just haven't done what you were supposed to do. You've got at least three violations of probation that have been filed....

Sentencing Tr. p. 8–9. Here, as in *Battles,* the trial court's statement demonstrates the trial court's awareness of the individual incidents that comprised Taylor's criminal history. We therefore find no error in his enhanced three-year sentence.

## II. Fee

Taylor also contends that the trial court improperly ordered him to pay a $200 Drug Abuse, Prosecution, Interdiction, and Correction Fee without considering his ability to pay the fee. We disagree.

Indiana Code § 33–19–6–9 provides in relevant part as follows:

(a) This section applies to criminal actions.

(b) The court shall assess a drug abuse, prosecution, interdiction, and correction fee of at least two hundred dollars ($200) and not more than one thousand dollars ($1,000) against a person convicted of an offense under IC 35–48–4.

(c) In determining the amount of the drug abuse, prosecution, interdiction, and correction fee assessed against the person under subsection (b), a court shall consider the person's ability to pay the fee.

■ Courts are obliged to respect the plain language of a statute. *Sholes v. Sholes,* 760 N.E.2d 156, 159 (Ind.2001). Indiana courts presumptively treat the word "shall" as mandatory unless it appears clear from the context or purpose of the statute that the legislature intended a different meaning. *Id. See also Like v. State,* 760 N.E.2d 1188, 1194 (Ind.Ct.App. 2002), *reh'g granted on other grounds,* 766 N.E.2d 416 (Ind.Ct.App.2002) (law enforcement continuing education fee imposed by Ind.Code § 33–19–6–7(c) not discretionary where it provided that clerk "shall" collect it).

■ Here, the term "shall" requires the imposition of at least a $200 fee when a person is convicted of a crime under Ind. Code § 35–48–4. Because Taylor was convicted of possession of methamphetamine, a Class D felony under Ind.Code § 35–48–4–6, the imposition of at least a $200 fee was mandatory. *See* Ind.Code § 33–19–6–9(b).

Further, because a fee of at least $200 is mandatory, the trial court is required to impose it regardless of a defendant's abili-

ty to pay it. For this reason, the trial court's duty to examine a defendant's ability to pay is required by Ind.Code § 33–19–6–9(c) is not triggered unless the trial court imposes a fee greater than $200. *See Like,* 760 N.E.2d at 1194 (trial court erred in imposing $1,000 drug interdiction fee without considering defendant's ability to pay); *Everroad v. State,* 730 N.E.2d 222, 229 (Ind.Ct.App.2000) (trial court erred in imposing $300 drug interdiction fee without considering defendant's ability to pay). Here, because the trial court imposed the mandatory $200 fee, the court did not err in imposing the fee without considering Taylor's ability to pay it.

Affirmed.

ROBB, J., and BAILEY, J., concur.