Lisa R. **WRIGHT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 57A03–1010–CR–570.

Court of Appeals of Indiana.

May 27, 2011.

Jill M. Acklin, Westfield, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, James E. Porter, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Lisa R. Wright pled guilty to class B

felony dealing in methamphetamine.[1] She also entered into a cash bail bond agreement pursuant to Indiana Code Section 35–33–8–3.2(a)(2), in which she agreed to deposit a cash bail bond of $1000 and gave the trial court the authority, in the event she failed to appear as required or was convicted, to use that money to pay fines, costs, and fees. On appeal, she asserts that the trial court erred by assessing a public defender fee without making a finding that she had the ability to pay it and by imposing court fines and costs without holding an indigency hearing. Because the trial court disbursed the escrow money to pay the public defender fee and court fines and costs in accordance with the cash bail bond agreement and Indiana Code Section 35–33–8–3.2(a)(2), we find no error and affirm.

### Facts and Procedural History[2]

Wright was charged with class B felony dealing in methamphetamine. At the initial hearing, the trial court set bond at $10,000. Tr. at 14. The order on the initial hearing indicates that Wright was found indigent. Appellant's App. at 14. Wright paid ten percent of her bond by depositing $1000 in escrow and signed a "Cash Bail Bond Agreement," which provided in relevant part as follows:

> If the Defendant fails to appear as required or is convicted, the Court may retain all or a part of the cash or securities paid by the Defendant to pay fines, costs, fees, restitution, publicly paid costs of representation, costs of extradi-

tion, and the fees required by Ind.Code § 35–33–8–3.2(d).[3]

*Id.* at 15.

Wright requested and was appointed pauper counsel. She pled guilty as charged and was sentenced to six years. The trial court also ordered that the escrow money be used to pay various costs and fees, including a $100 public defender fee, $364 for court fines and costs, and $52 to I.M.A.G.E. Drug Task Force to reimburse it for expenses relating to Wright's investigation.[4] The trial court ordered the balance of the escrow money returned to Wright.

### Discussion and Decision

Wright contests the imposition of the aforementioned fees, costs and fines. We observe that "sentencing decisions, including decisions to impose restitution, fines, costs, or fees, are generally left to the trial court's discretion." *Kimbrough v. State,* 911 N.E.2d 621, 636 (Ind.Ct.App. 2009). If the fees imposed by the trial court fall within the parameters provided by statute, the trial court has not abused its discretion. *Mathis v. State,* 776 N.E.2d 1283, 1289 (Ind.Ct.App.2002), *trans. denied* (2003). "A defendant's indigency does not shield him from all costs or fees related to his conviction." *Banks v. State,* 847 N.E.2d 1050, 1051 (Ind.Ct.App.2006), *trans. denied.*

As to the imposition of the $100 public defender fee, Wright asserts that "the trial court erred in assessing a 'supplemental public defender fee' because the

---

1. Ind.Code § 35–48–4–1.1(a).

2. We observe that there is not a table of contents for the transcript in the record before us as required by Indiana Appellate Rule 28(A)(8).

3. This subsection provides in relevant part that the clerk of the court retain a fee of $5 for each deposit under Section 35–33–8–3.2(a)(2).

4. The trial court also ordered payment of $50 to the Clerk's Administrative Fund and $13 for a sheriff service fee, but Wright does not appeal these disbursements.

court did not explicitly find that Wright could pay the fee imposed." Appellant's Br. at 6. In support, Wright cites Indiana Code Section 35–33–7–6(c), which provides that the trial court "shall order" an indigent defendant to pay a supplemental public defender fee of $100 for a felony action "if the court finds that the person is able to pay part of the cost of representation." [5]

The State counters that Wright's argument ignores the fact that the public defender fee was paid out of the escrow fund from her $1000 bond pursuant to the terms of her cash bail bond agreement and Indiana Code Section 35–33–8–3.2, which governs the conditions the trial court can order when admitting a defendant to bail. In relevant part, Section 35–33–8–3.2(a)(2) permits the trial court to require the defendant to execute:

> (A) a bail bond by depositing cash or securities with the clerk of the court in an amount not less than ten percent (10%) of the bail; and
>
> (B) an agreement that allows the court to retain all or a part of the cash or securities to pay fines, costs, fees, and restitution that the court may order the defendant to pay if the defendant is convicted.

A portion of the deposit, not to exceed ten percent (10%) of the monetary value of the deposit or fifty dollars ($50), whichever is the lesser amount, may be retained as an administrative fee. The clerk shall also retain from the deposit under this subdivision fines, costs, fees, and restitution as ordered by the court, publicly paid costs of representation that shall be disposed of in accordance with subsection (b) [6], and the fee required by subsection (d).[7]

In executing the cash bail bond agreement, Wright agreed to give the trial court the authority to retain all or a part of the $1000 placed in escrow to pay fines, costs, fees, restitution, and publicly paid costs of representation if she failed to appear or was convicted. She was convicted, and therefore the trial court had the authority to use the escrow funds pursuant to the cash bail bond agreement. Wright entered into a contract, the terms of which are specifically authorized by statute, and

---

**5.** Wright also cites Indiana Code Section 33–40–3–6, which provides that if "at any state of a prosecution for a felony ... the court makes a finding of ability to pay the costs of representation ... the court shall require payment by the person ... of the following costs ...: [r]easonable attorney's fees if an attorney has been appointed for the person by the court[; and] [c]osts incurred by the county as a result of court appointed legal services rendered to the person." Section 33–40–3–6 is inapplicable because Wright was not ordered to pay either "reasonable attorney's fees" or "costs incurred by the county."

Finally, Wright cites Indiana Code Section 33–37–2–3, which allows the court to impose representation costs against a "convicted person" in excess of $100. Section 33–37–2–3 requires a hearing to determine whether the convicted person is indigent, and if "the court determines that a convicted person is able to pay part of the costs of representation, the court shall order the person to pay an amount of not more than the cost of the defense services rendered on behalf of the person." Section 33–37–2–3 is inapplicable because it applies only to defendants found "not indigent." *See Hall v. State*, 826 N.E.2d 99, 105 (Ind.Ct.App.2005); *Mathis*, 776 N.E.2d at 1288 (discussing former Sections 33–9–1.5–6 and 33–19–2–3), *trans. denied.*

**6.** Subsection (b) provides,

> Within thirty (30) days after disposition of the charges against the defendant, the court that admitted the defendant to bail shall order the clerk to remit the amount of the deposit remaining under subsection (a)(2) to the defendant. The portion of the deposit that is not remitted to the defendant shall be deposited by the clerk in the supplemental public defender services fund established under IC 33–40–3.

**7.** *See* note 3, supra.

she is bound by the terms of that contract. She has made no argument that the contract is invalid. We conclude that the trial court did not err in ordering that money held in escrow pursuant to the cash bail bond agreement be used to pay the $100 public defender fee.

■ As to the $364 in fines and costs and the $52 for the I.M.A.G.E. Drug Task Force, Wright argues that the trial court erred in failing to conduct a hearing to determine whether she was indigent. In support, she relies on Indiana Code Section 33–37–2–3(a), which provides in relevant part that "when the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent." The State asserts that under the terms of the cash bail bond agreement executed pursuant to Indiana Code 35–33–8–3.2(a)(2), the trial court had the authority to use the money held in escrow to pay fines and costs, and therefore Section 33–37–2–3(a) is inapplicable.

In her reply brief, Wright contends that Indiana Code Section 35–33–8–3.2(a)(2) "is silent on the trial court's duty to conduct an indigency hearing," and that Indiana Code Section 33–37–2–3(a) "makes no mention that the duty is not present when there is a cash bail bond agreement." Appellant's Reply Br. at 5. Thus, she argues, there is no conflict between the two statutes, and notwithstanding the cash bail bond agreement, the trial court is required to conduct an indigency hearing.[8]

The issue requires us to construe the relevant statutes. The principal objective in statutory construction is to ascertain, give effect to, and implement the intent of the legislature. *Nicoson v. State,* 938 N.E.2d 660, 663 (Ind.2010). "The best evidence of that intent is the language of the statute itself, and we strive to give the words in a statute their plain and ordinary meaning." *State v. Oddi–Smith,* 878 N.E.2d 1245, 1248 (Ind.2008). "A statute should be examined as a whole, avoiding excessive reliance upon a strict literal meaning or the selective reading of individual words." *Id.* "Statutes relating to the same general subject matter are in pari materia and should be construed together so as to produce a harmonious statutory scheme." *Fuller v. State,* 752 N.E.2d 235, 238 (Ind.Ct.App.2001). "[W]e presume that the legislature does not enact useless provisions." *White v. Ind. Parole Bd.,* 713 N.E.2d 327, 329 (Ind.Ct.App. 1999), *trans. denied* (2000). Finally, "specific statutory provisions take priority over general statutory provisions." *Id.*

To support her argument that a hearing is required, Wright cites *Maroney v. State,* 849 N.E.2d 745 (Ind.Ct.App.2006). There, the trial court imposed court costs and fees that were to be paid from the bail bond deposited by Maroney. On appeal, Maroney argued that the trial court erred in imposing court costs and fees without holding an indigency hearing pursuant to Indiana Code Section 33–37–2–3(a). The appellate court agreed. However, Indiana Code Section 35–33–8–3.2(a)(2) has been amended since *Maroney,* such that it now specifically permits the trial court to require as a condition of admitting a defendant to bail, that the person "execute . . . an agreement that allows the court to retain all or a part of the cash or securities to pay fines, costs, fees, and restitution." Pub. Law 97–2006. Maroney had not executed an agreement like the one Wright has executed in this case. Therefore, *Maroney* is inapposite.

8. In her reply brief, Wright does not present an analogous argument with respect to the public defender fee imposed pursuant to Indiana Code Section 35–33–7–6(c).

A plain reading of Section 35–33–8–3.2(a)(2) as amended leads us to the conclusion that the absence of language requiring an indigency hearing means that when a bail bond agreement is executed, such a hearing is not required. *See State v. Dugan*, 793 N.E.2d 1034, 1036 (Ind. 2003) ("It is just as important to recognize what the statute does not say as it is to recognize what it does say."). Moreover, to impose the hearing requirement of Section 33–37–2–3(a) where a defendant executed an agreement pursuant to Section 35–33–8–3.2(a)(2), would render the bail bond agreement meaningless. In addition, this Court has recognized that when a defendant posts a cash bail bond pursuant to Indiana Code Section 35–33–8–3.2, the trial court has authority to impose public defender costs. *See Turner v. State*, 755 N.E.2d 194, 200 (Ind.Ct.App.2001) ("Trial courts may deduct additional money to cover public defender costs from a defendant's posted cash bond pursuant to Indiana Code Section 35–33–8–3.2. Such is not the case here, however, as Turner posted no bond and was incarcerated following his arrest through the conclusion of his trial.") (citation omitted), *trans. denied*; *Mathis*, 776 N.E.2d at 1288 (recognizing that courts may "deduct additional money to cover public defender costs from a defendant's posted cash bond pursuant to Indiana Code section 35–33–8–3.2" but observing that Mathis had not posted a bond).

■ We conclude that the indigency hearing requirement of Indiana Code Section 33–37–2–3(a) does not apply when a defendant has entered into a cash bail bond agreement pursuant to Section 35–33–8–3.2(a)(2). Accordingly, the trial court committed no error in disbursing funds in the bond escrow account to pay for court fines and costs and reimburse I.M.A.G.E. Drug Task Force.

Affirmed.

NAJAM, J., and ROBB, C.J., concur.