**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT A. TURNER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 62A01-1111-CR-514 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PERRY CIRCUIT COURT
The Honorable M. Lucy Goffinet, Judge
The Honorable Karen A. Werner, Magistrate
Cause No. 62C01-1009-FD-678

**May 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Following his convictions, pursuant to a guilty plea, for Class D felonies Operating a Vehicle as a Habitual Traffic Violator (Count 1)[1] and Operating a Vehicle While Intoxicated Endangering a Person (Count 2),[2] Appellant-Defendant Robert Turner appeals the trial court's imposition of a $525 public defender fee without making specific findings regarding the fee.[3] We affirm.

## FACTS AND PROCEDURAL HISTORY

Following Turner's arrest on September 13, 2010, the trial court set his bail at $33,000 surety or $3300 (ten percent) cash bond. On September 16, 2010, the State filed charges against Turner including, in addition to Counts 1 and 2, Class D felony Operating a Vehicle with an ACE of .08 or More (Count 3) and Class B misdemeanor Failure to Stop After Accident Resulting in Non-Vehicle Damage (Count 4). That day, Carol Turner posted a $3305 cash bond on Turner's behalf and executed an agreement permitting the trial court to retain all or part of the bond to pay "fines, costs, fees and restitution." Appellee's App. p. 1. The agreement additionally provided that, in the event of a conviction, the trial court clerk could retain from the cash bond "publicly paid costs of representation" to be deposited into the "supplemental public defender fund." Appellee's App. p. 1.

---

[1] Ind. Code § 9-30-10-16(a)(1) (2010).

[2] Ind. Code §§ 9-30-5-2(a) and (b); 9-30-5-3(1) (2010).

[3] In his initial brief, Turner additionally challenged the trial court's failure to hold an indigency hearing. Turner subsequently withdrew this argument in his reply brief.

On October 20, 2010, the trial court appointed defense counsel for Turner, and on October 22, 2010, attorney Jason Hoch entered an appearance on Turner's behalf. Hoch thereafter represented Turner at five separate hearings as well as at the August 25, 2011, plea hearing, where he entered a plea of guilty to Counts 1 and 2. Turner's plea was entered pursuant to a plea agreement in which the State agreed to dismiss Counts 3 and 4. At the October 10, 2011 sentencing hearing, where Turner was again represented by Hoch, the trial court entered judgment of conviction and sentenced Turner to consecutive sentences of two years executed in the Department of Correction on Count 1 and two years suspended to probation on Count 2. The trial court further dismissed Counts 3 and 4 and ordered Turner to pay costs and fees.

Defense counsel Hoch filed a motion to withdraw and appoint appellate counsel on October 13, 2011, after which the trial court granted the motion and appointed the Indiana Public Defender as appellate counsel. On October 31, 2011, the trial court entered a bond disbursement order in which it withheld certain costs and fees from the cash bond, including a $525 public defender fee. The court ordered that $1,174.50 be returned to Turner. The trial court did not hold an indigency hearing before assessing this $525 fee, nor did it make specific findings regarding the fee's reasonableness. This appeal follows.

## DISCUSSION AND DECISION

Upon appeal Turner contends that the trial court abused its discretion by imposing a $525 fee, which it withheld from his cash bond, without making findings regarding the reasonableness of the fee.

3

"'[S]entencing decisions, including decisions to impose restitution, fines, costs, or fees, are generally left to the trial court's discretion.'" *Wright v. State*, 949 N.E.2d 411, 413 (Ind. Ct. App. 2011) (quoting *Kimbrough v. State*, 911 N.E.2d 621, 636 (Ind. Ct. App. 2009)). If the fees imposed by the trial court fall within the parameters provided by statute, the trial court has not abused its discretion. *Id.* "'A defendant's indigency does not shield him from all costs or fees related to his conviction.'" *Id.* (quoting *Banks v. State*, 847 N.E.2d 1050, 1051 (Ind. Ct. App. 2006)).

Indiana Code section 35-33-8-3.2 (2010)[4] governs the conditions the trial court can order when admitting a defendant to bail. Subsection 35-33-8-3.2(a)(2) specifically permits the trial court to require the defendant to execute the following:

> (A) a bail bond by depositing cash or securities with the clerk of the court in an amount not less than ten percent (10%) of the bail; and
> (B) an agreement that allows the court to retain all or part of the cash or securities to pay fines, costs, fees, and restitution that the court may order the defendant to pay if the defendant is convicted.
>
> A portion of the deposit, not to exceed ten percent (10%) of the monetary value of the deposit or fifty dollars ($50), whichever is the lesser amount, may be retained as an administrative fee. The clerk shall also retain from the deposit under this subdivision fines, costs, fees, and restitution as ordered by the court, publicly paid costs of representation that shall be disposed of in accordance with subsection (b), and the fee required by subsection (d).

In executing the cash bail bond agreement, Turner agreed that, in the event of his conviction, the trial court had the authority to retain all or part of his cash deposit to pay fines, costs, fees and restitution ordered by the court. Given that Turner was convicted,

---

[4] Section 35-33-8-3.2 was amended in 2012, but these amendments do not affect the language at issue. *See* P.L. 35-2012 (S.E.A. 127).

the trial court was entitled, under his agreement and section 35-33-8-3.2, to apply his cash bond toward the cost of his public defender.

Turner contends, based upon Indiana Code section 33-40-3-6 (2010), that the trial court was required to make specific findings justifying the $525 fee. Section 33-40-3-6 contemplates a finding by the trial court regarding ability to pay, which is an unnecessary step in the context of cash bonds under section 35-33-8-3.2. *See Wright*, 949 N.E.2d at 415-16 (concluding indigency hearing is unnecessary when court retains cash bond funds for authorized costs and fees pursuant to a cash bail bond agreement). To the extent section 33-40-3-6 requires findings regarding the reasonableness of fees, therefore, it is inapplicable.

Turner points to no part of the record suggesting that the $525 fee at issue in this case was not attributable to reasonable public defender fees. Such fee is not inconsistent with the record, which shows that defense counsel represented Turner in multiple hearings over the one-year pendency of his case. We find no abuse of discretion. *See Obregon v. State*, 703 N.E.2d 695, 696 (Ind. Ct. App. 1998) (affirming $600 public defender fee deducted from cash bond).

The judgment of the trial court is affirmed.

CRONE, J., and BROWN, J., concur.