**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

FILED
May 17 2012, 9:29 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBIN WOOD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1109-CR-799 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Rebekah F. Pierson-Treacy,[1] Judge
The Honorable Mark King, Judge *Pro-Tempore*
The Honorable Shatrese Flowers, Commissioner
Cause No. 49F19-1102-CM-8353

**May 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

---

[1] We note that both the transcript and the Appellant's Brief list the Honorable Mark King as Judge *Pro-Tempore*. However, upon review of the challenged order, we observed that the challenged order was actually signed by the Honorable Rebekah F. Pierson-Treacy.

**BRADFORD, Judge**

Appellant-Defendant Robin Wood appeals from the trial court's order that she pay a $200 drug interdiction fee following her guilty plea for Possession of Marijuana, as a Class A misdemeanor.[2] Wood raises a single issue for our review, namely, whether the trial court abused its discretion in ordering her to pay that fee. We affirm.

## FACTS AND PROCEDURAL HISTORY

On February 8, 2011, the State charged Wood with possession of marijuana, as a Class A misdemeanor. On May 26, 2011, Wood pled guilty as charged. The plea agreement left the amount of fees and costs to the court's discretion. The trial court accepted Wood's plea and sentenced her to 365 days of incarceration, with 363 suspended. The trial court found Wood indigent as to fines and court costs but imposed a $200 drug interdiction fee. This appeal follows.

## DISCUSSION AND DECISION

Wood challenges the imposition of the $200 drug interdiction fee following her guilty plea for Class A misdemeanor possession of marijuana.

> We observe that "sentencing decisions, including decisions to impose restitution, fines, costs, or fees, are generally left to the trial court's discretion." *Kimbrough v. State*, 911 N.E.2d 621, 636 (Ind. Ct. App. 2009). If the fees imposed by the trial court fall within the parameters provided by statute, the trial court has not abused its discretion. *Mathis v. State*, 776 N.E.2d 1283, 1289 (Ind. Ct. App. 2002), *trans. denied* (2003). "A defendant's indigency does not shield him from all costs or fees related to his conviction." *Banks v. State*, 847 N.E.2d 1050, 1051 (Ind. Ct. App. 2006), *trans. denied*.

---

[2] Ind. Code § 35-48-4-11 (2010).

*Wright v. State*, 949 N.E.2d 411, 413 (Ind. Ct. App. 2011).

Indiana Code Section 33–37–5–9 (2010) (formerly Indiana Code Section 33–19–6–9) provides:

(a) This section applies to criminal actions.
(b) The court shall assess a drug abuse, prosecution, interdiction, and correction fee of at least two hundred dollars ($200) and not more than one thousand dollars ($1,000) against a person convicted of an offense under IC 35-48-4.
(c) In determining the amount of the drug abuse, prosecution, interdiction, and correction fee assessed against a person under subsection (b), a court shall consider the person's ability to pay the fee.
(d) The clerk shall collect the drug abuse, prosecution, interdiction, and correction fee set by the court when a person is convicted of an offense under IC 35-48-4.

Courts are obliged to respect the plain language of a statute. *Taylor v. State*, 786 N.E.2d 285, 287 (Ind. Ct. App. 2003) (citing *Sholes v. Sholes*, 760 N.E.2d 156, 159 (Ind. 2001)). Indiana courts presumptively treat the word "shall" as mandatory unless it appears clear from the context or purpose of the statute that the legislature intended a different meaning. *Id.* In the context of Indiana Code section 33-37-5-9, the term "shall" requires the imposition of at least a $200 fee when a person is convicted of a crime under Indiana Code Chapter 35-48-4. *Id.* (discussing Indiana Code section 33-19-6-9). Further, because a fee of at least $200 is mandatory, the trial court was required to impose it regardless of the person's ability to pay. *Id.*

In challenging the imposition of the $200 interdiction fee, Wood claims that the trial court had the discretion to waive the $200 interdiction fee after it found that she was indigent. Wood, however, does not cite to any authority directly supporting her claim, but

3

rather relies on statutes relating to other fees and costs that can be imposed against a defendant following a criminal conviction. Again, "'[a] defendant's indigency does not shield him from all costs or fees related to his conviction.'" *Wright*, 949 N.E.2d at 413 (quoting *Banks*, 847 N.E.2d at 1051). Nothing in the plain language of Indiana Code section 33-37-5-9 indicates that the trial court has the discretion to waive a fee–only the discretion to impose an amount between $200 and $1000. *See* Indiana Code section 33-37-5-9. Furthermore, this court has previously concluded that the trial court need not consider a defendant's ability to pay when imposing the minimum mandatory $200 fee. *See Taylor*, 786 N.E.2d at 288.

It is undisputed that Wood was convicted of Class A misdemeanor possession of marijuana under Indiana Code section 35-48-4-11. As such, in light of the plain language of Indiana Code section 33-37-5-9 and our previous decision in *Taylor*, we conclude that the trial court was required to impose the $200 interdiction fee regardless of Wood's ability to pay. *See id.*; *see also* Ind. Code § 33-37-5-9. Thus, we further conclude that the trial court acted within its discretion in ordering Wood to pay the $200 interdiction fee.

The judgment of the trial court is affirmed.

VAIDIK, J., and CRONE, J., concur.