**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Dec 28 2012, 9:19 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**KATHARINE C. LIELL**
Liell & McNeil Attorneys
Bloomington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RANDELL VANDEVENTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 28A04-1205-CR-242 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE GREENE SUPERIOR COURT
The Honorable Dena A. Martin, Judge
Cause No. 28D01-1006-FA-258

**December 28, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Following a jury trial, Randell Vandeventer ("Vandeventer") was convicted of three counts of Class C felony child molesting and sentenced to an aggregate sentence of twenty-one years. Vandeventer appeals and presents two issues, which we renumber and restate as the following three:

I.      Whether the trial court abused its discretion in sentencing Vandeventer;

II.     Whether the sentence imposed by the trial court was inappropriate; and

III.    Whether the trial court abused its discretion in ordering Vandeventer to pay costs and fines without conducting an indigency hearing.

We affirm.

## Facts and Procedural History

Vandeventer and his wife, Lia, owned and operated a daycare center in Greene County, Indiana. The daycare center was operated in two buildings, one of which was Vandeventer's home. Vandeventer was responsible for maintenance at the center and also helped watch the children.

H.H., who was born in 1994, began to attend Vandeventer's daycare from 2000 until 2008. In early 2001, Vandeventer began to sexually molest H.H. Vandeventer would take the boy into a location where they were alone, put his hands down into H.H.'s pants, and touch the boy's penis. Vandeventer also placed H.H.'s hands on Vandeventer's penis and instructed the boy to fondle him. Vandeventer molested H.H. weekly; so often that H.H. estimated that Vandeventer molested him over 300 times. Vandeventer molested H.H. in various rooms of both buildings of the daycare center, and other children were present in the adjacent rooms. On one particular occasion, another

child at the daycare center walked into the kitchen and saw Vandeventer with his hands inside H.H.'s pants.

J.C.S. was born in 1996 and attended the Vandeventer's daycare center from 2001 through 2005. While J.C.S. was at the daycare center, Vandeventer repeatedly touched J.C.S. in his genital area and made J.C.S. touch Vandeventer's penis. Vandeventer molested J.C.S. in the kitchen of the non-residential building, with children present in the adjacent rooms.

On June 6, 2010, the State charged Vandeventer with two counts of Class A felony child molesting, three counts of Class C felony child molesting, and one count of Class C felony attempted child molesting. A four-day jury trial began on February 13, 2012. At the conclusion of the trial, the jury found Vandeventer guilty of three counts of Class C felony child molesting but acquitted him of the remaining counts. At a sentencing hearing held on April 10, 2012, the trial court sentenced Vandeventer to seven years on each count and ordered the sentences to be served consecutively. The trial court also ordered Vandeventer to pay fines, court costs, and restitution. Vandeventer now appeals.

## I. Abuse of Sentencing Discretion

Vandeventer first claims that the trial court abused its discretion in sentencing him. Sentencing decisions "rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007). A trial court may abuse its sentencing discretion by: (1) failing to enter a sentencing statement, (2) finding aggravating or mitigating factors unsupported by the record, (3) omitting mitigating

3

factors clearly supported by the record and advanced for consideration, or (4) giving reasons that are improper as a matter of law. Id. at 490-91. Because a trial court no longer has any obligation to weigh aggravating and mitigating factors against each other when imposing a sentence, it cannot now be said to have abused its discretion in failing to properly weigh such factors. Id. at 491. Even if a trial court has abused its discretion in sentencing, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record. Id.

Vandeventer claims that the trial court relied on two aggravating factors that were not properly supported by the record. The first of these allegedly improper aggravators is that the crime was committed in the presence of other children. See Ind. Code § 35-38-1-7.1(4) (providing that a trial court may consider as an aggravating circumstance that the defendant knowingly committed a crime of violence[1] in the presence or within the hearing of an individual who was less than eighteen years of age and not the victim of the offense). Vandeventer acknowledges that the molestations occurred in a room adjacent to where children were present, but claims that none of the children heard or saw Vandeventer's conduct. The record does not support this claim. One of the State's witnesses testified that he saw Vandeventer with his hands inside H.H.'s pants, and H.H. testified that Vandeventer came "very close" to being "caught" several times when others, including children, walked in while Vandeventer was touching H.H. See Tr. pp. 120, 218-19. Therefore, we cannot say that this aggravator was not supported by the record.

---

[1] Child molesting is defined by Indiana Code section 35-50-1-2(a)(10) as a "crime of violence."

4

Vandeventer also claims that the trial court erred in considering as an aggravator the emotional impact on the victims. He claims that the emotional impact upon the victims in the present case was "encompassed within the range of impact which the presumptive sentence is designed to punish, and thus . . . cannot be used as a valid aggravator because it was not far beyond the norm." Appellant's App. p. 7. See McElroy v. State, 865 N.E.2d 584, 590 (Ind. 2007) (noting that the effect of a crime on the victims and their families may be a proper aggravating circumstance, but where there is nothing in the record to indicate that the impact on the families and victims in this case was different than the impact on families and victims which usually occur in such crimes, such an aggravator is improper).

We, however, do not read the trial court's statement as narrowly as does Vandeventer. The trial court stated, "That the harm, loss, injury or damage suffered by the victims of the offense was significant and greater than the elements necessary to prove the commission of the offense, I am finding based upon the testimony at trial that is an aggravating factor[.]" Tr. p. 637. Thus, the trial court was citing Indiana Code section 35-38-1-7.1(a)(1) (listing as a permissible aggravating factor that "[t]he harm, injury, loss, or damage suffered by the victim of an offense was: (A) significant; and (B) greater than the elements necessary to prove the commission of the offense."). Here, there was evidence that the harm, injury, loss, or damage suffered by the victim was greater than that necessary to prove the elements of the offense. Indeed, both victims testified that Vandeventer molested them repeatedly, with H.H. testifying that it happened over 300 times.

5

Furthermore, even if we agreed with Vandeventer that the trial court failed to properly explain why it found this to be an aggravating factor, we would not reverse his sentence. Even if we conclude that the trial court has abused its discretion in sentencing, we will not remand for resentencing if the sentence imposed is not inappropriate. Chappell v. State, 966 N.E.2d 124, 134 n.10 (Ind. Ct. App. 2012), trans. denied; Mendoza v. State, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007), trans. denied; Felder v. State, 870 N.E.2d 554, 558 (Ind. Ct. App. 2007); see also Windhorst v. State, 868 N.E.2d 504, 507 (Ind. 2007) (noting that when trial court errs in sentencing defendant, court on appeal may exercise authority to review and revise sentence, instead of remanding for resentencing). We therefore consider Vandeventer's claim that his sentence is inappropriate.

## II. Appellate Rule 7(B)

Pursuant to Indiana Appellate Rule 7(B) (2009), we may revise a sentence otherwise authorized by statute if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In our review of sentences under this rule, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." Trainor v. State, 950 N.E.2d 352, 355 (Ind. Ct. App. 2011), trans. denied. And although we have the power to review and revise sentences, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts

and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell, 895 N.E.2d at 1225. Our review under Appellate Rule 7(B) should focus on "the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. And it is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

Vandeventer was convicted of three counts of Class C felony child molesting. The advisory sentence for a Class C felony is four years, and the maximum sentence is eight years. The trial court here sentenced Vandeventer to seven years on each count, which is less than the maximum sentence. With this in mind, we first look at the nature of Vandeventer's offenses. To put it mildly, the nature of Vandeventer's offenses are shocking. He used his wife's daycare center as a source for young victims to molest. He was in a position of care with these children and abused this position to gratify his deviant sexual desires. He molested his victims numerous times; again, H.H. testified that he was molested by Vandeventer approximately 300 times. Vandeventer molested H.H. from the time he was six until he was thirteen, and continued to contact the boy after he left the daycare center. J.C.S. testified that Vandeventer repeatedly molested him during the four years he attended the daycare center. The nature of Vandeventer's offenses justifies the trial court's sentencing decision.

With regard to the character of the offender, we acknowledge that, at the time of Vandeventer's arrest, he had no prior criminal history. However, while awaiting trial on

7

the present charges, he was convicted of Class D felony child seduction. Appellant's App. p. 357. Moreover, Vandeventer's repeated molestation of the victims in the present case does not speak well for his character. And the fact that Vandeventer molested multiple victims supports the trial court's decision to impose consecutive sentences. See Fernbach v. State, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011) (noting that consecutive sentences reflect the significance of multiple victims), trans. denied.

### III. Costs and Fines

Lastly, Vandeventer claims that the trial court erred by ordering him to pay costs and fines without conducting an indigency hearing.[2] Vandeventer notes that when a trial court imposes costs and fines, it is usually required to conduct a hearing to determine whether the defendant is indigent. See Ind. Code § 33-37-2-3(a) (requiring indigency hearing before imposition costs); Ind. Code § 35-38-1-18 (requiring indigency hearing before imposition of fines). It is uncontested by the State that the trial court did not conduct an indigency hearing in the present case.

However, in Wright v. State, 949 N.E.2d 411, 416 (Ind. Ct. App. 2011), this court held that the indigency hearing requirement of Indiana Code section 33-37-2-3(a) does not apply when a defendant has entered into a cash bail bond agreement pursuant to section 35-33-8-3.2(a)(2). Here, Vandeventer entered into a cash bail bond agreement pursuant to Ind. Code section 35-33-8-3.2(a)(2), and deposited a $12,000 check with the

---

[2] The trial court also ordered Vandeventer to pay restitution. Because this restitution was not ordered as a condition of probation, no indigency hearing was required because such a restitution order is simply a money judgment for which the defendant cannot be imprisoned for failure to pay. See Pearson v. State, 883 N.E.2d 770, 772 (Ind. 2008).

clerk of the trial court pursuant to this agreement. Appellant's App. p. 326. Thus, no indigency hearing was required for purposes of imposing costs. And the same rationale applies equally to the indigency hearing requirement of Indiana Code section 35-38-1-18 for the imposition of fines. Thus, the trial court did not err by failing to hold an indigency hearing.

## Conclusion

The trial court did not abuse its discretion in sentencing Vandeventer to three consecutive terms of seven years. And even if it had abused its discretion, we would not reverse because Vandeventer's aggregate sentence of twenty-one years is not inappropriate in light of the nature of the offenses or the character of the offender. Lastly, the trial court did not err in failing to hold an indigency hearing before ordering Vandeventer to pay costs and fines.

Affirmed.

J. KIRSCH, and J. CRONE, concur.