Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Sep 22 2014, 8:57 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JESSE R. POAG**
Newburgh, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT ABBEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1403-CR-119 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable Kelli E. Fink, Judge
Cause No. 82C01-1307-FC-761

**September 22, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Robert Abbey ("Abbey") appeals the Vanderburgh Circuit Court's order denying his motion to apply his cash bond toward restitution owed to the victim of his criminal offense. Concluding that the trial court properly released the cash bond to Abbey's former counsel pursuant to the terms of Abbey's agreement with counsel, we affirm.

**Facts and Procedural History**

On July 11, 2013, Abbey was charged with Class C felony fraud on a financial institution. Shortly thereafter, he posted a $1000 cash bond. Abbey also hired private counsel, Terrell Maurer ("Maurer"). Abbey executed a retainer contract wherein he agreed to pay a $2500 flat fee. Abbey also assigned his interest in his $1000 cash bond to Maurer as a down payment for his legal fees. See Ex. Vol., Exs. 1, 3.

On October 25, 2013, Maurer filed a motion to withdraw from the case, which was granted. However, the trial court denied Maurer's request to release Abbey's cash bond.

A public defender was appointed to represent Abbey. On January 27, 2014, Abbey pleaded guilty to Class C felony fraud on a financial institution. The plea agreement provided, in relevant part, that Abbey would pay $1000 in restitution within 180 days of sentencing. Appellant's App. p. 28. Prior to sentencing, Abbey filed a motion to apply his cash bond to the restitution owed.

On February 13, 2014, Abbey's sentencing hearing was held. At the hearing, the trial court also heard argument concerning release of his cash bond. Former counsel Maurer presented evidence that his fees exceeded $1000. The trial court released Abbey's cash bond, less costs, to counsel after concluding that Abbey voluntarily gave up his interest in the bond by assigning his interest to Maurer. Abbey now appeals.

2

**Discussion and Decision**

Abbey does not dispute that he assigned his interest in his cash bond to Maurer. Appellant's Br. at 4. However, he argues that he assigned only his limited interest in the bond subject to the trial court's authority "to take restitution and public defender costs from the bond" pursuant to Indiana Code section 35-33-8-3.2. Id. at 5.

Indiana Code section 35-33-8-3.2 governs the conditions a trial court can order when admitting a defendant to bail. See Wright v. State, 949 N.E.2d 411, 414 (Ind. Ct. App. 2011). Abbey specifically paid his cash bond to the Vanderburgh Circuit Court pursuant to subsection 35-33-8-3.2(a)(2), which provides in pertinent part:

> A court may admit a defendant to bail and impose any of the following conditions to assure the defendant's appearance at any stage of the legal proceedings, or, upon a showing of clear and convincing evidence that the defendant poses a risk of physical danger to another person or the community, to assure the public's physical safety:
> ***
> (2) Require the defendant to execute:
> > (A) a bail bond by depositing cash or securities with the clerk of the court in an amount not less than ten percent (10%) of the bail; and
> > (B) *an agreement that allows the court to retain all or a part of the cash or securities to pay fines, costs, fees, and restitution that the court may order the defendant to pay if the defendant is convicted.*
> A portion of the deposit, not to exceed ten percent (10%) of the monetary value of the deposit or fifty dollars ($50), whichever is the lesser amount, may be retained as an administrative fee. The clerk shall also retain from the deposit under this subdivision fines, costs, fees, and restitution as ordered by the court, publicly paid costs of representation that shall be disposed of in accordance with subsection (b), and the fee required by subsection (d).

(Emphasis added).

3

Abbey signed the required bond agreement with the court on July 19, 2013. The agreement provides in relevant part:

> When the conditions of this bond have been performed and the defendant has been discharged from all obligations in this case, the Clerk of the Court shall return to the defendant, unless the Court orders otherwise, ninety percent (90%) of the sum which has been deposited and shall retain as bond costs ten percent (10%) of the amount deposited.

Appellant's App. p. 14. The agreement also provides that the trial court "may order" ninety percent of the cash bond "or whatever amount is repayable to the defendant" to be paid to the defendant's attorney. Id.

Abbey essentially argues that his assignment of his cash bond to Maurer is meaningless because, in his plea agreement, he agreed to pay $1000 restitution within 180 days of sentencing. However, when Abbey voluntarily assigned his interest in the cash bond to Maurer, no plea agreement had been reached and he had not been ordered to pay restitution. Simply said, Abbey assigned to Maurer the interest in his cash bond he otherwise would have retained under Indiana Code section 35-33-8-3.2(a)(2) and under his bond agreement with the court.

While Indiana Code section 35-33-8-3.2(a)(2) gives the trial court discretionary authority to retain a defendant's cash bond to satisfy a restitution judgment, the statute does not mandate satisfaction of a restitution judgment by payment of available funds from a defendant's cash bond. See I.C. § 35-33-8-3.2(a)(2)(B). Therefore, the trial court acted within its discretion when it refused Abbey's request to apply his cash bond to the restitution judgment.

Abbey does not contest the assignment of his interest in his cash bond, which he voluntarily assigned to his former counsel. Moreover, the trial court properly released the remainder of Abbey's cash bond to Maurer pursuant to the terms of the retainer contract.[1] For all of these reasons, we affirm the judgment of the trial court.

Affirmed.

RILEY, J., and CRONE, J., concur.

---

[1] Cf. Wright, 949 N.E.2d at 414-15 ("Wright agreed to give the trial court the authority to retain all or a part of the $1000 placed in escrow to pay fines, costs, fees, restitution, and publicly paid costs of representation . . . ." Because she was convicted, "the trial court had the authority to use the escrow funds pursuant to the cash bail bond agreement. Wright entered into a contract, the terms of which are specifically authorized by statute, and she is bound by the terms of that contract.").