# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 14 2019, 9:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Valerie K. Boots
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Antonio Terrell Miles,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 14, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2416<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Lisa F. Borges, Judge<br><br>Trial Court Cause No.<br>49G04-1804-F5-11296 |

**Shepard, Senior Judge.**

[1]     The trial court determined Antonio Miles was guilty of carrying a handgun without a license with a prior conviction, a Level 5 felony; criminal

recklessness, a Level 6 felony; and operating a motor vehicle without receiving a license, a Class C misdemeanor. He appeals the court's orders to pay certain fees and costs. We affirm.

[2] Miles and Victoria Barnes had been in a romantic relationship, but Barnes ended it in early March 2018. On the night of March 11, Miles was at Barnes' apartment to discuss their relationship.

[3] Booker Housley arrived at Barnes' apartment because he and Barnes had planned to carpool to work. Housley recognized Miles' car in the parking lot and called Barnes to see if she had made alternate plans. She told Housley that Miles was about to leave. Miles left her apartment and got into his car as Housley approached. Miles was gone when they left the apartment.

[4] Housley drove toward his workplace, with Barnes sitting in the front passenger seat. Suddenly, several gunshots struck the front driver's side window, cracking it. Housley stopped the car and saw Miles pull up in his car, holding a handgun. Barnes recognized Miles' car but could not see the driver. Miles fired several more shots at Housley's car before driving away. Housley drove to work, where he called the police.

[5] Meanwhile, Officer Nathan Lush of the Indianapolis Metropolitan Police Department was dispatched to investigate. He inspected Housley's car and noted the driver's side window was shattered. In addition, there were several bullet holes on the driver's side of the car. Housley told Officer Lush that Miles

was the shooter. In addition, Housley later identified Miles as the shooter in a photographic lineup.

[6] On April 6, 2018, the State charged Miles with carrying a handgun without a license with a prior conviction, criminal recklessness, criminal mischief, and operating a motor vehicle without ever receiving a license. The trial court held an initial hearing on April 9 and determined Miles was "partially indigent." Appellant's App. Vol. II, p. 43. As a result, the court appointed a public defender but ordered Miles to pay $100 to the Public Defender Supplemental Fund. The fee would be due within thirty days of Miles' release from incarceration.

[7] Miles, by counsel, issued notices of deposition for several witnesses, but the record does not indicate whether these occurred. Next, Miles waived jury trial and requested permission to represent himself. The trial court granted Miles' request but ordered his public defender to serve as standby counsel.

[8] The court held a bench trial on August 31, 2018. Miles represented himself, with standby counsel present. Miles conferred with counsel during closing arguments. The court determined Miles was guilty as charged, except that Miles was guilty of criminal mischief as a Class B, rather than Class A, misdemeanor. The court later vacated the criminal mischief conviction on double jeopardy grounds.

[9] On September 12, 2018, the court held a sentencing hearing. Miles conferred with standby counsel during the hearing. The court sentenced Miles to seven

years, with one year suspended to community corrections, to be served on home detention. The court also ordered Miles to pay $185 in court costs and $200 for a "safe schools fee," subject to a "financial assessment as to your ability to pay fees and costs while you are on Community Corrections." Tr. Vol. II, p. 148. In its order committing Miles to community corrections, the court further stated that the conditions of his placement would include a "financial assessment as to ability to pay fees and costs." Appellant's App. Vol. II, p. 158.

[10] In this appeal, Miles first claims the court erred in imposing a $100 public defender fee at his initial hearing. Indiana Code section 35-33-7-6 (2004) provides:

> (a) Prior to the completion of the initial hearing, the judicial officer shall determine whether a person who requests assigned counsel is indigent. If the person is found to be indigent, the judicial officer shall assign counsel to the person.
>
> * * * *
>
> (c) If the court finds that the person is able to pay part of the cost of representation by the assigned counsel, the court shall order the person to pay the following:
>
> (1) For a felony action, a fee of one hundred dollars ($100).
>
> (2) For a misdemeanor action, a fee of fifty dollars ($50).
>
> * * * *
>
> (d) The court may review the finding of indigency at any time during the proceedings.

[11]     The trial court determined Miles could afford to pay the $100 fee and ordered him to do so within thirty days of his release from incarceration. Miles is not challenging the court's determination that he could afford to pay the $100 fee. He instead argues the fee is inappropriate because he decided to represent himself later in the case and did not need an attorney. Miles' argument is flawed because the court did not know Miles planned to represent himself at the time the court imposed the fee. The court had the authority to revisit the fee under Indiana Code section 35-33-7-6(d), but Miles never raised the issue after he began representing himself.

[12]     In any event, the plain language of the statute states that if a court determines a defendant can afford to pay the fee, the court "shall" order the defendant to pay it. *Id.* Indiana courts presumptively treat the word "shall" as mandatory unless it appears clear from the context or purpose of the statute that the legislature intended a different meaning. *Taylor v. State*, 786 N.E.2d 285, 287 (Ind. 2003). The trial court was obligated to impose the fee. Further, Miles benefitted from his attorney's representation and assistance because the attorney issued notices of deposition and later served as standby counsel at trial. The court did not err in imposing the public defender fee.

[13]     Next, Miles argues the court erred during the sentencing hearing by ordering him to pay fees and costs without inquiring into his ability to pay. We review the court's imposition of fees and costs for an abuse of discretion. *Mathis v. State*, 776 N.E.2d 1283 (Ind. Ct. App. 2002), *trans. denied*.

[14] When a court directs a defendant to pay fees and costs, "it shall conduct a hearing to determine whether the convicted person is indigent." Ind. Code § 33-37-2-3 (2007). The court need not require fees and costs to be paid at the sentencing hearing. Instead, "[a] court may impose costs and suspend payment of all or part of the costs until the convicted person has completed all or part of the sentence. If the court suspends payment of the costs, the court shall conduct a hearing at the time the costs are due to determine whether the convicted person is indigent." *Id.* If a court suspends payment of costs, "the court retains jurisdiction over the convicted person until the convicted person has paid the entire amount of the costs." *Id.*

[15] In this case, the trial court sentenced Miles to seven years, with one year to be served on community corrections. The court's statements at sentencing and in it its order placing Miles in community corrections demonstrate that the court suspended payment of costs and fees until Miles is released from incarceration, at which time there will be an assessment of his ability to pay. The court's decision complies with Indiana Code section 33-37-2-3 and is not an abuse of discretion. *See Kimbrough v. State*, 911 N.E.2d 621 (Ind. Ct. App. 2009) (trial court did not abuse discretion in delaying due date for court costs until after defendant finished serving the executed portion of his sentence).

[16] For the foregoing reasons, we affirm the judgment of the trial court.

Mathias, J., and Crone, J., concur.