**Donald E. BANKS II, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 57A03–0506–CR–280.

Court of Appeals of Indiana.

May 26, 2006.

Transfer Denied Aug. 24, 2006.

Kimberly A. Jackson, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

MAY, Judge.

Donald E. Banks II appeals the imposition of court costs and public defender fees and the denial of his petition for sentence modification. He raises two issues:

1. Whether the trial court erred by imposing court costs of $336 and public defender fees of $200 after it determined Banks was indigent; and

2. Whether the trial court erred when it denied Banks' request for sentence modification.

We affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

On August 3, 2004, Banks was charged with Class B felony possession of methamphetamine. The trial court found Banks indigent and appointed a public defender. Banks agreed to plead guilty to Class D felony possession of methamphetamine.[1] The trial court accepted Banks' plea and sentenced him to three years of incarceration at the Indiana Department of Correction. It ordered Banks pay $336 in costs and $200 in public defender fees. The plea agreement permitted Banks to argue for work release should it become available.

On January 18, 2005, Banks filed a *pro se* motion for sentence modification. The State objected and the court denied the motion. On March 28, 2005, Banks' counsel filed another motion for modification of sentence. Banks submitted evidence in support of the motion consisted of a personal statement of good behavior and his

statement that Steuben County would allow him to serve a two-year sentence in a work release program.[2] The State opposed the motion, citing the nature of Banks' offense and that he had served only nine months of a 36-month sentence. The court denied Banks' motion.

## DISCUSSION AND DECISION

The trial court did not err in imposing $120 in court costs or in denying Banks' petition for modification of sentence. However, the court did abuse its discretion in imposing $200 in public defender fees without finding Banks had the ability to pay. The record before us does not permit us to review the propriety of the additional costs the trial court imposed.

1. *Court Costs and Public Defender Fees*

 The trial court has discretion in sentencing a defendant and its decision will be reversed only upon showing a manifest abuse of discretion. *Jester v. State,* 746 N.E.2d 437, 439 (Ind.Ct.App.2001). If the trial court imposes fees within the statutory limits, there is no abuse of discretion. *Mathis v. State,* 776 N.E.2d 1283, 1289 (Ind.Ct.App.2002), *trans. denied* 792 N.E.2d 34 (Ind.2003). A defendant's indigency does not shield him from all costs or fees related to his conviction. *See, e.g., Like v. State,* 760 N.E.2d 1188, 1193 (Ind. Ct.App.2002) (finding no abuse of discretion where the court imposed a $300 fee on an indigent defendant), *reh'g granted and remanded on other grounds* 766 N.E.2d 416 (Ind.Ct.App.2002).

The trial court did not specify which statute authorized the costs and fees it imposed, but there are two possibilities. Ind.Code §§ 33–37–2–3 provides:

---

1. Ind.Code § 35–48–4–6(a).

2. Banks' Noble County conviction resulted in a violation of his parole terms with Steuben

County. Consequently, Steuben County ordered him to serve an additional two-year sentence in its community corrections department.

(a) When the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent. *If the person is not indigent,* the court shall order the person to pay:

(1) the entire amount of the costs at the time sentence is pronounced;

(2) the entire amount of the costs at some later date; or

(3) specified parts of the costs at designated intervals.

(Emphasis supplied.) Because Banks was indigent, no fees could be imposed under Ind.Code § 33–37–2–3(a).

 Ind.Code § 33–37–4–1 also authorizes a court to impose costs and fees on a criminal defendant. That section does not explicitly require a determination of indigency:

(a) For each action that results in a felony conviction under IC 35–50–2 or a misdemeanor conviction under IC 35–50–3, the clerk shall collect from the defendant a criminal costs fee of one hundred twenty dollars ($120).

(b) In addition to the criminal costs fee collected under this section, the clerk shall collect from the defendant the following fees if they are required under IC 33–37–5 . . . .

The statute then lists fifteen types of fees that must be collected from a defendant if required by chapter 33–37–5. Because Banks pled guilty to a Class D felony under Ind.Code § 35–48–4–6(a) and was sentenced under Ind.Code § 35–50–2–7, the trial court was obliged to assess some fees pursuant to Ind.Code § 33–37–4–1. However, the court did not specify which subsection authorized the $336 in costs it imposed. We accordingly cannot determine whether there was an abuse of discretion. We affirm the trial court's imposition of a $120 "criminal costs fee," but remand so the court may clarify the statutory authority for the other fees it imposed.

 The trial court's imposition of a $200 public defender fee was error, as Banks had been found indigent. Three statutes address when a defendant must reimburse the county for counsel provided him at public expense. Under Ind.Code § 35–33–7–6 and Ind.Code § 33–9–11.5–6, a court must explicitly find a defendant can pay the fees imposed. We are directed to no such finding in the record. If a defendant is indigent, the court may not impose public defender fees under Ind. Code § 33–19–2–3. *May v. State,* 810 N.E.2d 741, 746 (Ind.Ct.App.2004). Consequently, we must remand with instructions that the trial court reconsider the $200 public defender services fee in light of the statutory limitations.[3]

**3.** As we have noted, a legislative review of statutes that impose fees or costs upon defendants would be helpful to facilitate their application. *See Lamonte v. State,* 839 N.E.2d 172, 176 n. 1 (Ind.Ct.App.2005), where we reviewed the statutory scheme:

Various conflicting provisions of Indiana Code pertain to appointment of counsel and payment of associated costs of representation for indigent criminal defendants. Indiana Code section 35–33–7–6 allows a trial court to impose a fee of $50 on a misdemeanor defendant if the court finds that the defendant is able to pay part of the cost of representation by the assigned counsel. Indiana Code section 33–40–3–6 and Indiana Code section 33–37–2–3 grant trial courts the discretion to impose representation costs against a defendant in excess of that amount in other instances. However, Indiana Code section 33–40–3–6 applies only in those situations where the court makes a finding of ability to pay the costs of representation, while Indiana Code section 33–37–2–3 applies only to those defendants that the court deems not indigent. *See Mathis v. State,* 776 N.E.2d 1283, 1288 (Ind.Ct.App.2002), *trans. denied* (discussing former sections 33–9–1.5–6 and 33–19–2–3). A thorough legislative consideration of these provisions would be helpful.

## 2. *Sentence Modification*

■ The trial court has broad discretion to modify a sentence. *Ames v. State,* 471 N.E.2d 327, 331 (Ind.Ct.App.1984). As a general rule, an abuse of discretion will not be found unless a decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* In determining whether an abuse of discretion occurred, we may not reweigh the evidence, but will consider only the evidence favorable to the judgment. *Catt v. State,* 749 N.E.2d 633, 640 (Ind.Ct.App. 2001), *reh'g denied, trans. denied* 761 N.E.2d 422 (Ind.2001).

■ Banks first argues the trial court lacked authority to deny his motion for modification because it did not consult a Department of Correction report. Under Ind.Code § 35–38–1–17(a) a court may, within 365 days from the date a defendant begins serving his sentence, review a motion for modification of sentence. That subsection requires the court to conduct a hearing with the convicted person present, give notice to the prosecutor, and obtain a report from the Department of Correction.

However, those requirements apply only when the trial court has made a preliminary determination to suspend or reduce the sentence. *Reichard v. State,* 510 N.E.2d 163, 167 (Ind.1987). Ind.Code § 35–38–1–17(e) addresses the denial of a motion for reduction or suspension of sentence: "[t]he court may deny a request to suspend or reduce a sentence under this section without making written findings and conclusions." This section does not explicitly require the court to obtain a Department of Correction report or any other particular evidence. We therefore decline to hold failure to review the Department of Correction report limits the trial court's authority to *deny* a motion for modification of sentence.

*See also Hall v. State,* 826 N.E.2d 99, 103 n. 4

■ Nor has Banks demonstrated the denial of his motion under Ind.Code § 35–38–1–17(e) was an abuse of discretion. Banks argues there was an abuse of discretion because "the only evidence in the record supported this modification." (Br. of Appellant at 8.) To support his motion Banks introduced a personal statement of good conduct and indicated his remorse. He asserted Steuben County would allow him to serve a 24–month sentence in its work release program. The trial court was within its discretion to deny Banks' motion despite such evidence.

In *Marshall v. State,* 563 N.E.2d 1341 (Ind.Ct.App.1993), *trans. denied,* Marshall argued the court abused its discretion because denial of his motion for sentence modification was against the weight of the evidence submitted—a personal statement of good conduct and remorsefulness, of rehabilitative efforts, and of employment opportunities. *Id.* at 1343–1344. We found no abuse of discretion, as Marshall's evidence was "all self-serving and does not inevitably lead to the conclusion the guilty plea court abused its discretion in refusing to further reduce or to suspend Marshall's sentences." *Id.* at 1343.

The denial of Banks' motion, despite his self-serving statements of good conduct and remorse and of an opportunity to enter a work release program, was not an abuse of discretion. We accordingly affirm the trial court.

Affirmed in part, reversed in part, and remanded.

FRIEDLANDER, J., and CRONE, J., concur.