Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**VICTORIA L. BAILEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Feb 13 2013, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JULIA PATTERSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1204-CR-300 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Rebekah Pierson-Treacy, Judge
Cause No. 49F19-1108-CM-59355

**February 13, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Julia Patterson ("Patterson") was convicted in Marion Superior Court of Class A misdemeanor operating a vehicle while intoxicated, and the trial court ordered Patterson to pay a $50 supplemental public defender fee. Patterson appeals and argues that the trial court abused its discretion when it ordered her to pay the public defender fee.

Reversed and remanded for proceedings consistent with this opinion.

**Facts and Procedural History**

On August 21, 2011, Patterson was charged with Class A misdemeanor operating a vehicle while intoxicated and Class C misdemeanor operating a vehicle while intoxicated. The State later amended the charging information to include a third count of Class C misdemeanor operating while intoxicated.

Due to a mistake in Patterson's reported income, a public defender was not initially appointed in this case. At a pre-trial conference on October 14, 2011, Patterson informed the court that a mistake had been made and that she earned $350 per week. Patterson stated that she did not have the funds to pay an attorney because she provides the sole support for her three-year-old son. The trial court agreed and appointed a public defender for Patterson.

After a bench trial held on March 19, 2012, the trial court found Patterson guilty of Class A misdemeanor operating a vehicle while intoxicated and dismissed the two C misdemeanor charges. Patterson was sentenced to home detention and probation. In its sentencing order, the trial court imposed numerous costs and fees, including the $50 supplemental public defender fee at issue in this appeal.

2

## Standard of Review

"'[S]entencing decisions, including decisions to impose restitution, fines, costs, or fees, are generally left to the trial court's discretion.'" Berry v. State, 950 N.E.2d 798, 799 (Ind. Ct. App. 2011) (quoting Kimbrough v. State, 911 N.E.2d 621, 636 (Ind. Ct. App. 2009)). A trial court does not abuse its discretion if the fees imposed by the trial court fall within the parameters provided by statute. Id. (citing Mathis v. State, 776 N.E.2d 1283, 1289 (Ind. Ct. App. 2002), trans. denied. "'A defendant's indigency does not shield him from all costs or fees related to his conviction.'" Id. (citing Banks v. State, 847 N.E.2d 1050, 1051 (Ind. Ct. App. 2006), trans. denied).

## Discussion and Decision

Three, separate Indiana statutes authorize trial courts to impose a public defender fee, if the requirements within those statutes are met. However, Patterson argues that the imposed $50 public defender fee was not authorized by any of those statues under the facts of this case.

First, we consider whether the trial court properly imposed the public defender fee pursuant to Indiana Code section 33-40-3-6, which provides in pertinent part:

> If at any stage of a prosecution for a felony or a misdemeanor the court makes a finding of ability to pay the costs of representation under section 7 of this chapter, the court shall require payment by the person . . . , of the following costs in addition to other costs assessed against the person:
>     (1) Reasonable attorney's fees if an attorney has been appointed for the person by the court.
>     (2) Costs incurred by the county as a result of court appointed legal services rendered to the person.

3

This section explicitly requires the court to consider the factors enumerated in section 33-40-3-7 before the court may order the defendant to pay public defender fees. In this case, it is clear on the record before us that the trial court did not consider the section 33-40-3-7 factors to determine whether Patterson had the ability to pay the fee. Because the trial court failed to make the statutorily required finding, the trial court could not impose the $50 public defender fee pursuant to Indiana Code section 33-40-3-6.

The second statute pursuant to which trial courts may impose a public defender fee is Indiana Code section 33-37-2-3. This statute grants the trial court significant flexibility in imposing costs and provides as follows:

> (a) Except as provided in subsection (b), when the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent. If the person is not indigent, the court shall order the person to pay:
> > (1) the entire amount of the costs at the time sentence is pronounced;
> > (2) the entire amount of the costs at some later date; or
> > (3) specified parts of the costs at designated intervals.
>
> (b) *A court may impose costs and suspend payment of all or part of the costs until the convicted person has completed all or part of the sentence.* If the court suspends payment of the costs, the court shall conduct a hearing at the time the costs are due to determine whether the convicted person is indigent. If the convicted person is not indigent, the court shall order the convicted person to pay the costs:
> > (1) at the time the costs are due; or
> > (2) in a manner set forth in subsection (a)(2) through (a)(3).
> > ***
> (e) If, after a hearing under subsection (a) or (b), the court determines that a convicted person is able to pay part of the costs of representation, the court shall order the person to pay an amount of not more than the cost of the defense services rendered on behalf of the person. The clerk shall deposit the amount paid by a convicted person under this subsection in the county's supplemental public defender services fund established under IC 33-40-3-1.

(Emphasis added).

4

The State does not argue and we cannot conclude that the court was permitted to impose the public defender fee in this case under subsection (a) of the statute because the trial court did not hold an indigency hearing. And the statute applies only to defendants that the court finds not to be indigent. Banks v. State, 847 N.E.2d 1050, 1052 n.3 (Ind. Ct. App. 2006) (citing Mathis v. State, 776 N.E.2d 1283, 1288 (Ind. Ct. App. 2002), trans. denied).

In addition, subsection (b) does not apply in this case because the court did not suspend all or part of the costs imposed on Patterson, who was sentenced to home detention and probation. However, the State argues that our court should assume that the public defender fee was imposed as a condition of probation (and therefore the court was not required to hold a hearing on her current ability to pay)[1] simply because Patterson was told to make payment through the probation department. We cannot agree, as there is nothing in the record that would lead to a reasonable conclusion that Patterson was ordered to pay the public defender fee as a condition of probation.

The third statute a trial court may utilize to impose the public defender fee is Indiana Code section 35-33-7-6. That statute provides that "[p]rior to the completion of the initial hearing, the judicial officer shall determine whether a person who requests

---

[1] In Rich v. State, 890 N.E.2d 44, 48 (Ind. Ct. App. 2008), trans. denied and Kimbrough v. State, 911 N.E.2d 621, 638 (Ind. Ct. App. 2009), the defendants were ordered to pay costs pursuant to Indiana Code section 33-37-2-3(b) as a condition of probation. Both defendants appealed and argued that the court had not determined their ability to pay. In both cases, our court held that when the defendant is not required to pay costs until he or she has completed the executed portion of his or her sentence, it is not necessary for the trial court to hold a hearing to determine his or her current ability to pay. See also Berry v. State, 950 N.E.2d 758, 801 (Ind. Ct. App. 2011) ("Rich and Kimbrough mean that if the trial court suspends payment of costs until the executed portion of the sentence has been served, then it must hold an indigency hearing at the time the costs are due. They do not stand for the proposition that a trial court is required to defer assessment of costs until after release from incarceration.").

assigned counsel is indigent." Next, "[i]f the person is found to be indigent, the judicial officer shall assign counsel to the person" and "[i]f the court finds that the person is able to pay part of the cost of representation by the assigned counsel, the court shall order the person to pay" a fee of $50 for a misdemeanor action.[2] Although the statute contemplates that the trial court will order the defendant to pay the fee at the initial hearing, it does not prohibit trial courts from imposing the fee at other stages of the proceedings. See Jackson v. State, 968 N.E.2d 328, 333 (Ind. Ct. App. 2012) (citing Davis v. State, 843 N.E.2d 65, 68 (Ind. Ct. App. 2006)). Because the trial court appointed trial and appellate counsel for Patterson and ordered her to pay a fee of $50 for her misdemeanor conviction, it is reasonable to assume that the trial court imposed the public defender fee pursuant to Indiana Code section 35-33-7-6.

However, this statute explicitly requires the trial court to make a finding concerning Patterson's ability to pay. See Berry, 950 N.E.2d at 800; Banks, 847 N.E.2d at 1052. Because the trial court failed to make the required finding in this case, we reverse and remand this case to the trial court with instructions to determine whether Patterson has the ability to pay the $50 public defender fee. See Berry, 950 N.E.2d at 800.

Reversed and remanded for proceedings consistent with this opinion.

KIRSCH, J., and CRONE, J., concur.

---

[2] Indiana Code section 35-33-7-6 also provides that "[t]he clerk of the court shall deposit fees collected under this subsection in the county's supplemental public defender services fund established under IC 33-40-3-1."