**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 31 2013, 9:21 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ELLEN M. O'CONNOR**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WALTER ROWLEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1305-CR-402 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Jose D. Salinas, Judge
Cause No. 49G14-1302-FD-8450

**December 20, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Walter Rowley asks this court to determine that the $200 drug interdiction fee the trial court imposed upon him after he pleaded guilty to one count of Possession of a Controlled Substance,[1] a class D felony, and one count of Driving While Suspended,[2] a class A misdemeanor, was fundamentally unfair. While Rowley acknowledges that he cannot be imprisoned for his inability to pay and concedes that the trial court, cognizant of his indigence, imposed the lowest fee possible under the statute, he argues that a statute determining that a fee must be paid without regard to a defendant's ability to pay is fundamentally unfair. Finding that the trial court did not err when it imposed the $200 drug interdiction fee and that the fee is not fundamentally unfair, we affirm the judgment of the trial court.

FACTS

On or about February 5, 2013, Rowley was found in possession of Oxycodone, a Schedule II controlled substance, without a valid prescription. That same day, Rowley operated an automobile while his driving privileges were suspended. On February 6, 2013, the State charged Rowley with one count of possession of a controlled substance, a class D felony; one count of possession of marijuana, a class A misdemeanor; and one count of driving while suspended, a class A misdemeanor. On March 6, 2013, the trial court found Rowley to be indigent.

---

[1] Ind. Code § 35-48-4-7(a).

[2] Ind. Code §9-24-19-3.

2

On April 10, 2013, Rowley filed a plea agreement wherein he pleaded guilty to possession of a controlled substance and driving while suspended. The State dismissed the charge for possession of marijuana. The trial court held a guilty plea hearing, where it sentenced Rowley to 545 days for possession of a controlled substance and to 130 days previously executed for driving while suspended, to run concurrently. The trial court also suspended Rowley's license for 90 days.

The court found him indigent for fines and costs, but did impose the $200 statutory drug interdiction fee required by Indiana Code section 33-37-5-9(b), which requires the imposition of a fee between $200 and $1000 against a person convicted of an offense under Indiana Code section 35-48-4. The statute also states that the court shall consider a person's ability to pay the fee in determining the amount to impose upon the convicted individual. Ind. Code § 33-37-5-9(c). Regarding the fee, the trial court judge stated that "I find him indigent but I have to impose a two hundred dollar fee but I'm imposing a civil judgment on that." Tr. p. 8. The trial court judge told Rowley that he could "feel free to appeal that." Id.

Rowley now appeals the drug interdiction fee.

### DISCUSSION AND DECISION

We review the trial court's imposition of fees for an abuse of discretion. Turner v. State, 755 N.E.2d 194, 199 (Ind. Ct. App. 2001). If the fees assessed by the trial court are within the parameters of the statute, the trial court has not abused its discretion. Mathis v. State, 776 N.E.2d 1283, 1289 (Ind. Ct. App. 2002).

3

Here, Indiana Code section 33-37-5-9 requires that the trial court impose a fee: "[t]he court shall assess a drug abuse, prosecution, interdiction, and correction fee of at least two hundred dollars ($200) and not more than one thousand dollars ($1,000) against a person convicted of an offense under IC 35-48-4." The trial court had the discretion to determine the fee amount within the parameters of the statute, between $200 and $1,000. The trial court, as the statute requires, took Rowley's indigence into account and imposed the minimum fee. Accordingly, the trial court did not err when it imposed the drug interdiction fee.

Nevertheless, Rowley argues, although he could not be imprisoned for his inability to pay, it is fundamentally unfair to require him to pay the minimum fee under the statute. Rowley acknowledges that the drug interdiction fee was a mandatory requirement to be issued by the trial court under Indiana Code section 33-37-5-9 and that the trial court took his indigence into account, but contends that such a mandatory requirement, when imposed on an indigent who is limited in his ability to pay any fines and costs, is fundamentally unfair.

In support of his argument, Rowley cites two Unites States Supreme Court cases in which the Supreme Court determined that fees violated the due process and/or equal protection clauses of the Fourteenth Amendment. Griffin v. Illinois involved defendants who could not pursue an appeal because they could not afford the costs of a trial transcript, and Williams v. Illinois concerned a defendant who was imprisoned when he was unable to pay fines and costs. Griffin v. Illinois, 352 U.S. 12 (1956); Williams v.

4

Illinois, 399 U.S. 235 (1970).  However, these cases do not stand for the proposition that an indigent defendant may never be required to pay court costs or fees.    Indeed, a defendant's indigence does not shield him from all costs or fees related to his conviction. Banks v. State, 847 N.E.2d 1050, 1051 (Ind. Ct. App. 2002).

Here, the trial court was required to impose a drug interdiction fee pursuant to Indiana Code section 33-37-5-9.  The trial court used its discretion, considering Rowley's indigent status, to impose the lowest fee possible under the statute.  As Rowley concedes, the failure to pay this fine will not result in his incarceration or impair his ability to avail himself of a necessary appeal or proceeding.  Consequently, we decline to find Indiana Code section 33-37-5-9 fundamentally unfair.

The judgment of the trial court is affirmed.

NAJAM, J., and CRONE, J., concur.