**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT *PRO SE*:

**JOSHUA L. WYNN**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JOSHUA L. WYNN,                          )
                                         )
    Appellant-Defendant,                 )
                                         )
        vs.                              )     No. 58A05-1303-CR-115
                                         )
STATE OF INDIANA,                        )
                                         )
    Appellee-Plaintiff.                  )

APPEAL FROM THE OHIO CIRCUIT COURT
The Honorable James D. Humphrey, Judge
Cause No. 58C01-0803-FA-1

**March 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

Appellant-Defendant Joshua Wynn appeals from the trial court's denial of his motion for modification of sentence or change of placement, arguing that the trial court abused its discretion in doing so. Because the prosecutor objected to any modification, the trial court did not have the authority to alter Wynn's sentence. Moreover, because Wynn has failed to establish that he was ever eligible for a community corrections placement, he has failed to establish that the trial court abused its discretion in refusing to alter his placement. We affirm the judgment of the trial court.

**FACTS AND PROCEDURAL HISTORY**

This court relayed the underlying facts in its unpublished disposition of Wynn's direct appeal:

> On July 29, 2008, Wynn pled guilty pursuant to a plea agreement to dealing in a schedule II controlled substance within 1000 feet of school property, a Class A felony. In exchange, the State dismissed charges for two other counts of Class A felony dealing in a schedule II controlled substance within 1000 feet of school property, two counts of conspiracy to deal in a schedule II controlled substance within 1000 feet of school property, a Class A felony, and one count of possession of a controlled substance as a Class D felony. At the guilty plea hearing, the State laid a factual basis, establishing that on February 12, 2008, Wynn sold Oxycontin to Detective Nicholas Beetz of the Lawrenceburg Police Department, who was working undercover. Wynn chose the location of the transaction, a BP gas station in Rising Sun, Indiana, and the pair met two more times at the gas station, where Detective Beetz purchased more Oxycontin from Wynn. The BP gas station in question was found to be 873 feet from the SEIOC Head Start school building. The trial court accepted the plea agreement.

*Wynn v. State*, Cause No. 58A04-0810-CR-629, slip op. at 1 (Ind. Ct. App. April 28, 2009).

2

The trial court sentenced Wynn on September 23, 2008, to thirty years of incarceration with ten suspended to probation. On February 4, 2013, Wynn filed a motion for direct placement or modification of sentence, a motion to which the State objected three days later. On February 11, 2013, the trial court denied Wynn's motion.

## DISCUSSION AND DECISION

Indiana Code Section 35-38-1-17(b) provides as follows:

If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, subject to the approval of the prosecuting attorney. However, if in a sentencing hearing for a convicted person conducted after June 30, 2001, the court could have placed the convicted person in a community corrections program as an alternative to commitment to the department of correction, the court may modify the convicted person's sentence under this section without the approval of the prosecuting attorney to place the convicted person in a community corrections program under IC 35-38-2.6.

Wynn was sentenced in September of 2008 and filed his request for reduction over four years later in 2013. Any reduction or suspension under these circumstances must be made with the approval of the prosecutor, which in this case was withheld. The trial court simply did not have the authority to reduce or suspend any more of Wynn's sentence. "[I]f the motion [to modify sentence] is made outside the 365-day period and the prosecutor opposes the motion for sentence modification, the trial court lacks authority to modify the sentence." *Hawkins v. State*, 951 N.E.2d 597, 599 (Ind. Ct. App. 2011), *trans. denied*.

Additionally, Wynn does not even claim, much less establish, that he could have been placed in a community corrections program at the time of his sentencing. Wynn's argument fails on this basis. However, even if we assume, *arguendo*, that Wynn *was* eligible for such a

3

placement, he has still failed to establish an abuse of discretion. "A trial court's decision to reduce or suspend a sentence is discretionary." *Catt v. State*, 749 N.E.2d 633, 643 (Ind. Ct. App. 2001), *trans. denied*. "As a general rule, an abuse of discretion will not be found unless a decision is clearly against the logic and effect of the facts and circumstances before the court." *Banks v. State*, 847 N.E.2d 1050, 1053 (Ind. Ct. App. 2006), *trans. denied*. "In determining whether an abuse of discretion occurred, we may not reweigh the evidence, but will consider only the evidence favorable to the judgment." *Id*.

Pursuant to Wynn's very advantageous plea agreement, he pled guilty to one Class A felony in exchange for the dismissal of four other Class A felony charges and a Class D felony charge. Wynn received only the advisory sentence for his conviction and also the benefit of having ten years of that thirty-year sentence suspended to probation. In support of his motion, Wynn submitted several certificates demonstrating his accomplishments while incarcerated, including earning his GED, making the Dean's List for two semesters through Ball State University, and receiving favorable reports for participation in the Purposeful Living Units Serve Program. While Wynn's efforts to improve himself should be commended, "[t]he mere fact that the process of rehabilitation may have started does not compel a reduction or other modification in sentence." *Catt*, 749 N.E.2d at 643. Under the circumstances, Wynn has failed to establish an abuse of discretion in this regard.

The judgment of the trial court is affirmed.

RILEY, J., and ROBB, J., concur.