

ATTORNEYS FOR APPELLANT

Valerie K. Boots
Daniel Hageman
Marion County Public Defender Agency
– Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Assistant Section Chief,
Criminal Appeals
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Teresa L. Holder,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 11, 2019

Court of Appeals Case No.
18A-CR-968

Appeal from the Marion Superior
Court

The Honorable Carol J. Orbison,
Senior Judge

Trial Court Cause No.
49G19-1708-CM-32260

**Mathias, Judge.**

[1]     Teresa Holder ("Holder") appeals the fees imposed for her disorderly conduct
        conviction. She argues the trial court abused its discretion by imposing
        probation fees without conducting an indigency hearing. She also argues that

the trial court erred by imposing a $100 public defender fee on Holder when she was only charged with misdemeanors.

[2] We reverse and remand.

## Facts and Procedural History

[3] On August 29, 2017, Holder was having a get-together in her back yard when uniformed officers from the Indiana Metropolitan Police Department ("IMPD") entered. The officers proceeded to arrest a man whom the officers believed was armed and had committed a felony. Holder, who was surprised and had been drinking, began to yell. Officers directed her to quiet down, but she continued shouting. Holder was handcuffed without physical incident, although she did direct a variety of expletives at officers. She also told officers that she did not have a weapon on her person, but if she did have a weapon, she would use it on them.

[4] After being handcuffed, Holder yanked away from an officer and attempted to run toward the other individual being arrested. The officer was able to take her to the ground safely, but Holder continued to yell until officers placed her in the back of an IMPD vehicle.

[5] Holder was charged with resisting law enforcement as a class A misdemeanor and disorderly conduct as a class B misdemeanor. After a bench trial held on March 26, 2018, the trial court found Holder guilty of disorderly conduct. The trial court then proceeded immediately to sentencing, ordering Holder to 180 days of jail time, with credit for six days served, and the remaining 174 days

suspended, with ninety days of non-reporting probation. Although the trial court made no inquiry into Holder's ability to pay, did not hold an indigency hearing and did not make any mention of court cost and fees, the written sentencing order imposes sixteen separate fees amounting to $395, including probation fees amounting to $160. The trial court also imposed $100 in public defender fees. In an unexplained discrepancy from the sentencing order, the chronological case summary ("CCS") notes fees of $445, but also shows $160 of probation fees.

[6] Holder completed her community service on April 26, 2018 and paid $195 of her financial obligation. On May 16, 2018, the Marion County Probation Department filed a memo with the trial court, requesting that Holder's bond money be applied to her $395 financial obligation. On May 25, 2018, the Probation Department filed a request for discharge, recommending Holder be discharged from probation as scheduled on June 23, 2018. Probation also requested a hearing to address Holder's outstanding financial obligation. The trial court approved the probation department's request for discharge; however, as of the date of appeal, no hearing had been set to address the outstanding balance shown on the CCS in the amount of $250.

[7] Holder appeals, arguing that the trial court erred in two ways. First, Holder argues that the trial court committed error by imposing fees without conducting an indigency hearing. She additionally argues that the trial court erred by imposing a felony-level public defender fee of $100 when she was only charged with misdemeanors.

# Discussion and Decision

[8] Indiana Code section 33-37-2-3 provides the trial court with great flexibility in imposing costs. *Berry v. State*, 950 N.E.2d 798, 801 (Ind. Ct. App. 2011). The statute states:

> (a) Except as provided in subsection (b), when the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent. If the person is not indigent, the court shall order the person to pay:
>
> > (1) the entire amount of the costs at the time the sentence is pronounced;
> >
> > (2) the entire amount of the costs at some later date; or
> >
> > (3) specified parts of the costs at designated intervals.
>
> (b) A court may impose costs and suspend payment of all or part of the costs until the convicted person has completed all or part of the sentence. If the court suspends payment of the costs, the court shall conduct a hearing at the time the costs are due to determine whether the convicted person is indigent. If the convicted person is not indigent, the court shall order the convicted person to pay the costs:
>
> > (1) at the time the costs are due; or
> >
> > (2) in a manner set forth in subsection (a)(2) through (a)(3).
>
> ***

(e) If, after a hearing under subsection (a) or (b), the court determines that a convicted person is able to pay part of the costs of representation, the court shall order the person to pay an amount of not more than the cost of the defense services rendered on behalf of the person. The clerk shall deposit the amount paid by a convicted person under this subsection in the county's supplemental public defender services fund established under IC 33-40-3-1.

(f) A person ordered to pay part of the cost of representation under subsection (e) has the same rights and protections as those of other judgment debtors under the Constitution of the State of Indiana and Indiana law.

[9] "[D]ecisions to impose restitution, fines, costs, or fees, are generally left to the trial court's discretion." *Berry*, 950 N.E.2d at 799 (quoting *Kimbrough v. State*, 911 N.E.2d 621, 636 (Ind. Ct. App. 2009)). "A defendant's indigency does not shield him from all costs or fees related to his conviction." *Banks v. State*, 847 N.E.2d 1050, 1051 (Ind. Ct. App. 2006), *trans. denied.* Sentencing decisions, including decisions to impose costs and fees are reviewed for an abuse of discretion. *Johnson v. State,* 27 N.E.3d 793, 794 (Ind. Ct. App. 2015). If the fees imposed by the trial court fall within the parameters of the statute, we will not find an abuse of discretion. *Mathis v. State*, 776 N.E.2d 1283, 1289 (Ind. Ct. App. 2002), *trans. denied*.

[10] Here, the fees imposed do not fall within the parameters of the statute. The statute plainly requires a trial court to determine indigency "when the court *imposes* costs." I.C. § 33-37-2-3(a) (emphasis added). Subsection (b) provides the court with the opportunity to suspend costs until the time the sentence is

completed. I.C. § 33-37-2-3(b). Here, the probation fees were imposed on Holder in conjunction with her sentencing without any inquiry or any findings regarding her possible indigency.[1] There is no indication that these costs were suspended or that an indigency hearing would take place when the costs became due at a later date. Moreover, in an unexplained discrepancy, the written sentencing order imposes sixteen separate fees amounting to $395, including probation fees amounting to $160. The CCS shows an obligation of $445, but also shows probation fees of $160. As such, we remand for the trial court to determine what Holder's remaining obligation is, if any, determine if Holder is indigent, and assess the appropriate costs.

[11] Holder also challenges the assessment of a $100 public defender fee. In *Berry v. State*, 950 N.E.2d 798, 800 n.2 (Ind. Ct. App. 2011), we acknowledged that there were three possible statutes under which a trial court has the authority to order a defendant to pay all or a part of the costs of counsel provided at public expense. Two of these statutes could potentially apply in this case: Indiana Code section 33-37-2-3 and Indiana Code section 35-33-7-6. The trial court failed to identify which of these two statutes it relied on to impose the public defender fee.

---

[1] While a determination of indigency is necessary when a court imposes costs, an indigency hearing is not required in order to apply cash bond money to these costs. *See* Ind. Code § 35-33-8-3.2(a)(2); *Wright v. State*, 949 N.E.2d 411, 416 (Ind. Ct. App. 2011). Here, the costs totaled significantly more than the $150 cash bond posted by Holder, requiring an indigency hearing for the remainder of the obligation.

[12] As is mentioned above, Indiana Code section 33-37-2-3 relates to the costs that may be imposed following a criminal conviction and requires that "when the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent." Ind. Code § 33-37-2-3(a). Subsection (e) further provides that "[i]f, after a hearing under subsection (a) or (b),[2] the court determines that a convicted person is able to pay part of the costs of representation, the court shall order the person to pay an amount of not more than the cost of the defense services rendered on behalf of the person."

[13] Indiana Code section 35-33-7-6(a) provides that "[p]rior to completion of the initial hearing, the judicial officer shall determine whether a person who requests assigned counsel is indigent. If the person is found to be indigent, the judicial officer shall assign counsel to the person." Subsection (c) goes on to say that "[i]f the court finds that the person is able to pay a part of the cost of representation by the assigned counsel, the court shall order the person to pay the following: ... (2) For a misdemeanor action, a fee of fifty dollars ($50)."

[14] In *Berry*, the trial court imposed a public defender fee of $100 but did not specify under which statute it imposed the fee. We concluded that "[t]he fact that Berry was found indigent at the initial hearing and the trial court ordered a fee of $100 leads us to agree ... that the trial court imposed the public defender fee

---

2 Again, subsection (b) indicates that if payment of costs is suspended until after the person has completed all or a part of their sentence, "the court shall conduct a hearing at the time the costs are due to determine whether the convicted person is indigent." Ind. Code § 33-37-2-3(b).

pursuant to Indiana Code section 35-33-7-6."[3] 950 N.E.2d at 800. We noted that the trial court failed to make a finding regarding Berry's ability to pay and remanded to the trial court to determine whether Berry was able to pay the $100 public defender fee. *Id.* at 802.

[15] In this case, Holder argues that the trial court imposed the $100 public defender fee pursuant to Indiana Code section 35-33-7-6(c). It is undisputed this case involves only misdemeanor charges. Thus, given the plain language of the statute, she argues that the highest fee the trial court could impose was $50. The State, on the other hand, argues that the trial court imposed a public defender cost pursuant to Indiana Code section 33-37-2-3(g) and, as such, could order Holder to pay $100 toward the cost of her publicly-funded representation.

[16] Similar to the situation in *Berry*, the trial court found Holder indigent prior to trial, appointed a public defender, and then imposed what it referred to on its sentencing order as a "Public Defense Administration Fee." Appellant's App. Vol. II, p. 11. Given these circumstances and consistent with our conclusion in *Berry*, we conclude that the trial court intended to impose the public defender fee pursuant to Indiana Code section 35-33-7-6. As such, the most the trial

---

[3] The defendant in Berry was charged with and convicted of a felony. As such, the trial court could impose a fee of $100 pursuant to Indiana Code section 35-33-7-6.

court could impose is $50. On remand, we instruct the trial court to conduct a hearing to determine Holder's ability to pay this $50 fee.[4]

## Conclusion

[17] The record in the instant matter lacks any determination regarding the defendant's ability to pay the fees imposed. Moreover, the imposition of a $100 public defender fee was contrary to statute and outside the trial court's authority. We reverse the imposition of the $100 public defender fee and remand to the trial court for proceedings consistent with this opinion.

[18] Reversed and remanded.

Bailey, J., and Bradford, J., concur.

---

[4] While the State is correct to assert that the trial court could have imposed a public defense cost of $100 pursuant to Indiana Code section 33-37-2-3(e), the language of the statute indicates that such a cost could only have been imposed following a hearing on Holder's ability to pay.