

IN THE

# Court of Appeals of Indiana

Andrew J. Walters,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



FILED

Mar 23 2026, 9:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

March 23, 2026

Court of Appeals Case No.
25A-CR-1735

Appeal from the Allen Superior Court
The Honorable Samuel R. Keirns, Magistrate

Trial Court Cause No.
02D06-2403-F5-123

**Opinion by Judge Foley**
Judges May and Altice concur.

**Foley, Judge.**

Following a jury trial, Andrew J. Walters ("Walters") was convicted of several criminal offenses and adjudicated a habitual offender,[1] for which he received an aggregate sentence of twelve years executed in the Indiana Department of Correction ("the DOC"). Walters appeals and raises two restated issues for our review:

> I. Whether the trial court abused its discretion in permitting an amendment to his habitual offender enhancement charge; and
>
> II. Whether Walters's sentence exceeds the statutory maximum by a half day.

We affirm in part, reverse in part, and remand with instructions.

## Facts and Procedural History

On March 21, 2024, the State charged Walters with Count I: resisting law enforcement as a Level 5 felony; Count II: resisting law enforcement as a Level 6 felony; Count III: theft as a Level 6 felony; Count IV: resisting law enforcement as a Class A misdemeanor; and Count V: unauthorized entry of a

---

[1] Ind. Code § 35-50-2-8.

motor vehicle as a Class B misdemeanor.[2] *See* Appellant's App. Vol. II pp. 16–31. The charges stemmed from Walters's conduct on March 18, 2024.

[4]     On September 5, 2024, the State filed its notice of intent to seek habitual offender enhancement ("the September 2024 Notice"). *See id*. at 55–56. The matter proceeded to a two-day bifurcated jury trial on February 4, 2025. While the jury was deliberating on the guilt phase, the State moved to amend the September 2024 Notice in order to correct the date of an alleged prior conviction by seven days, from June 19, 2017, to June 12, 2017, ("the February 2025 Amendment"). *See id*. at 97.

[5]     Walters objected to the State's motion, challenging "the timeliness of it" and argued the State was attempting to correct "numerous errors" with the amendment. Tr. Vol. 2 p. 209. The State responded that the September 2024 Notice "had 06/19/2017 and [the State was] seeking to amend it to 06/12/2017[,]" which was "a minor error" that "does not go to the substance of the charge[.]" *Id.* at 210. The State asserted that, "pursuant to statute and case law[,]" it was "entitled to amend [the allegation]" affecting the second phase of the jury trial "even though the jury ha[d] received the case" for deliberations at the guilt phase. *Id.* The trial court granted the State's motion to

---

[2] An additional charge of possession of paraphernalia was later dismissed. *See* Appellant's App. Vol. II pp. 83–84, 107.

amend over Walters's objection. *See* Appellant's App. Vol. II p. 111; Tr. Vol. 2 pp. 210–11.

[6] The jury found Walters guilty as charged in the guilt phase of the trial. The trial court then instructed the jury as to the habitual offender phase, using the dates for the alleged prior convictions found in the February 2025 Amendment. After hearing evidence and argument, the jury found Walters to be a habitual offender. The trial court stated that a sentencing hearing would be held on February 28, 2025, and that "Count I, Parts I and II, will be enhanced by Count VII. Count II is vacated and dismissed as it's an identical charge with Count IV." Tr. Vol. 2 p. 233.

[7] The sentencing hearing proceeded as scheduled, and the trial court sentenced Walters to an aggregate sentence of twelve years executed in the DOC. Walters was ordered to serve six years on Count I enhanced by six years on Count VII, two years and 183 days on Count III, one year on Count IV, and 180 days on Count V. The trial court ordered sentences for Counts I, III, IV, and V to be served concurrently. *See* Tr. Vol. 2 p. 241; Appellant's App. Vol. II pp. 199–200. Walters now appeals.

## Discussion and Decision

### I. Habitual Offender Enhancement

[8] Walters contends that the trial court abused its discretion in permitting the February 2025 Amendment to the habitual offender charge. Walters argues that the February 2025 Amendment was the initial filing of the habitual

offender enhancement against Walters, and that as a result it was untimely under I.C. 35-34-1-5(e),[3] which requires an amendment of a charging information to include a habitual offender charge to be made at least thirty days prior to the commencement of the trial. Walters characterizes the filing of the February 2025 Amendment as the belated *filing* of a habitual offender allegation, rather than an *amendment* of a timely habitual offender allegation.

[9] Walters did not object to the filing of the September 2024 Notice at the time it was filed or while making his objection to the February 2025 Amendment. To the extent Walters alleges that the September 2024 Notice was defective or failed to comply with the requirements of I.C. 35-50-2-8, that argument was not made before the trial court below and is waived. *See Haymaker v. State*, 667 N.E.2d 1113, 1114 (Ind. 1996).

[10] The September 2024 Notice filed by the State set forth the prior unrelated felony convictions the State alleged formed the basis for establishing that Walters was a habitual offender. Because the September 2024 Notice was timely, having been filed more than 30 days prior to the trial, we next consider

---

[3] Indiana Code section 35-34-1-5(e) states:

> An amendment of an indictment or information to include a habitual offender charge under IC 35-50-2-8 must be made at least thirty (30) days before the commencement of trial. However, upon a showing of good cause, the court may permit the filing of a habitual offender charge at any time before the commencement of the trial if the amendment does not prejudice the substantial rights of the defendant. If the court permits the filing of a habitual offender charge less than thirty (30) days before the commencement of trial, the court shall grant a continuance at the request of the:
>
> (1) state, for good cause shown; or
>
> (2) defendant, for any reason.

whether the trial court's February 2025 Amendment was timely. "We review a trial court's decision on whether to permit an amendment to a charging information for an abuse of discretion." *Bright v. State*, 205 N.E.3d 1055, 1059 (Ind. Ct. App. 2023) (quoting *Hobbs v. State*, 160 N.E.3d 543, 551 (Ind. Ct. App. 2020), *trans. denied.*).

[11] Amendments to an indictment or a charging information are governed by Indiana Code section 35-34-1-5. Indiana Code section 35-34-1-5(a)(9) permits the prosecuting attorney to amend the charging information "at any time" for immaterial defects, including "any other defect which does not prejudice the substantial rights of the defendant." *See Sidener v. State*, 55 N.E.3d 380, 385–86 (Ind. Ct. App. 2016) (concluding defendant's substantial rights were not prejudiced by an amendment to the date of the habitual offender charge).

[12] Here, the State amended the habitual offender charge to correct an inaccurate date on one of the underlying felony convictions and Walters failed to demonstrate any prejudice as a result of the timing of the amendment. *See Haymaker*, 667 N.E.2d at 1114. Moreover, after the trial court granted the amendment, Walters failed to request a continuance. *See id*. Therefore, we conclude that the trial court did not abuse its discretion by granting the State leave to file the February 2025 Amendment to the habitual offender charge.

## II. Illegal Sentence

[13] Walters next contends the trial court sentenced him to an illegal sentence, exceeding the permissible statutory maximum by one half day or twelve hours.

*See* Appellant's Br. p. 16. "An abuse-of-discretion standard of review applies to a trial court's sentencing decisions[.]" *Spells v. State*, 225 N.E.3d 767, 771 (Ind. 2024) (citing *Holder v. State*, 119 N.E.3d 621, 624 (Ind. Ct. App. 2019)). In *Anderson*, our Supreme Court held that "a sentence is 'illegal' only if it is outside the prescribed statutory range or is unconstitutional." *Anderson v. State*, 269 N.E.3d 817, 822 (Ind. 2025). When a sentence exceeds statutory limits, the sentence is contrary to law, and we generally remand the case for resentencing. *See, e.g. Fix v. State*, 186 N.E.3d 1134, 1144–45 (Ind. 2022) (remanding for resentencing when the aggregate sentence imposed by the trial court exceeded the maximum sentence authorized by statute).

[14] Under Count III, Walters was convicted of a Level 6 felony and sentenced to a term of imprisonment of two years and 183 days. Indiana Code section 35-50-2-7(b) specifies that a person who commits a Level 6 felony "shall be imprisoned for a fixed term of between six (6) months and two and one-half (2 ½) years, with the advisory sentence being one (1) year." Walters argues that his sentence is illegal because it exceeds the statutory maximum sentence by one half days or twelve hours. *See* Appellant's Br. p. 16.

[15] "The goal of statutory interpretation is to discern and further the intent of the legislature." *State v. Reinhart*, 112 N.E.3d 705, 711 (Ind. 2018) (quoting *West v. Off. of Ind. Sec'y of State*, 54 N.E.3d 349, 353 (Ind. 2016)). "To that end, we look to the statute's plain language, giving its words their ordinary meaning and considering the structure of the statute as a whole." *Id*. (internal quotation marks omitted). However, "when a statute permits more than one reasonable

interpretation, we consider that statute ambiguous." *Fix*, 186 N.E.3d at 1139 (citing *Mi.D. v. State*, 57 N.E.3d 809, 813 (Ind. 2016)). "And when a statute is ambiguous, we resort to the rules of statutory construction to determine its meaning." *Id*. "In criminal cases, this includes the rule of lenity—a rule that requires us to construe a penal statute strictly against the State while resolving any ambiguities in favor of the defendant." *Id*. (citing *Meredith v. State*, 906 N.E.2d 867, 872 (Ind. 2009)). "[E]ven under this rule, we avoid construing a statute so narrowly 'as to exclude cases they fairly cover.'" *Id*. (quoting *Meredith*, 906 N.E.2d at 872). "Ultimately, we presume the legislature intended for the statutory language to be applied in a logical manner consistent with the statute's underlying policy and goals." *Id*. (internal quotation marks omitted) (quoting *Nicoson v. State*, 938 N.E.2d 660, 663 (Ind. 2010)).

[16] We conclude Indiana Code section 35-50-2-7(b) is unambiguous. Trial courts have discretion to impose a sentence within the range of six months to two and one-half years. *See* I.C. § 35-50-2-7(b). Based on the standard 365-day year, a maximum sentence—two and one-half years—would equate to two years and 182.5 days, not 183 days. Whether by convenience, custom, or preference, the trial court converted the sentence into a combination of years and days, and in doing so, rounded the portion of the sentence expressed by days up from 182.5 days to 183 days. As a result, Walters's sentence exceeds the maximum possible sentence for a Level 6 felony.

[17] The State defends the trial courts sentence by citing to Indiana Trial Rule 6(A) as providing the proper method to calculate the passage of time. Trial Rule

6(A) provides that a period of time "runs until the end of the next day." We note however, that the Rules of Trial Procedure govern only "procedure and practice" in Indiana courts. Ind. Trial Rule 1. The maximum sentence authorized under our sentencing statutes is a matter of substantive criminal law and not a matter of court practice or procedure and offer no aid in interpreting the statute.

[18] The State advances numerous public policy arguments in support of their position: claiming that trial courts have previously sentenced defendants to sentences of two years and 183 days for Level 6 felonies; that partial day sentences are administratively burdensome for the DOC to manage; and "the historic custom has been to sentence defendants to whole numbers of days." Appellee's Br. p. 18. Ultimately, the State's public policy arguments fail to override the clear and unambiguous language prescribed in Indiana Code section 35-50-2-7(b).[4] Moreover, a sentencing court can readily comply with the clear language of the Indiana Code section 35-50-2-7(b) by utilizing the express language of the statute and sentencing a defendant to two and one-half years, or if a court prefers to convert the sentence into a computation of days, to round down to the nearest whole number.[5]

---

[4] To the extent the State invites our court to decline to follow the logic and reasoning of its prior decision in *Mitchell v. State*, No. 25A-CR-301 (Ind. Ct. App. July 24, 2025) (mem.), we decline to do so.

[5] Since we conclude the statute is unambiguous, we do not address Walters's argument as to applicability of the Rule of Lenity. *See* Appellant's Reply. Br. pp. 14–15.

## Conclusion

The trial court did not abuse its discretion in permitting the February 2025 Amendment to Walters's habitual offender charge. Further, Walters's sentence exceeds the statutory maximum and must be corrected. *See Fix*, 186 N.E.3d at 1144–45. Therefore, we remand and instruct the trial court to impose a sentence for Count III that does not exceed two and one-half years.

Affirmed in part, reversed in part, and remanded with instructions.

May, J., and Altice, J., concur.

ATTORNEY FOR APPELLANT

Sean M. Surrisi
Wyland, Humphrey, Clevenger & Surrisi, LLP
Plymouth, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Megan M. Smith
Assistant Section Chief
Capital and Habeas Litigation
Indianapolis, Indiana